UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  09–61900–Civ–COOKE/BANDSTRA

DR. MASSOOD JALLALI,

    Plaintiff,

vs.

STATE OF FLORIDA, *et al.*,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

THIS CASE is before me on the Defendants' Motions to Dismiss [D.E. 11, 12, & 14]. The motions have been fully briefed, and I have I reviewed the Parties' arguments, and the relevant legal authorities. For the reasons explained in this order, the Defendants' Motions to Dismiss are granted.

### I. BACKGROUND

The Plaintiff, Massood Jallali, sued Nova Southeastern University in the Seventeenth Judicial Circuit, in and for Broward County, Florida, and won a jury verdict in the amount of $819,000.00. (Compl. ¶ 15). The parties cross-appealed to the Fourth District Court of Appeals. (*Id.* ¶ 16). The Fourth District Court of Appeals reversed the trial court's final judgment, and concluded that the trial court should have granted Nova's motion for a directed verdict.

The Plaintiff, proceeding *pro se*, alleges that Defendant, Grace M. Murillo, a Nova alumna and law clerk at the Fourth District Court of Appeals, "largely authorized the appellate opinion, and did so in favor of Nova, purportedly as a result of loyalty to her alumina [sic] and the university in general." (*Id.* ¶ 18). The Plaintiff further alleges that several of the Judges on

the appellate panel in the Fourth District Court of Appeals are affiliated with Nova and that these affiliations caused the Judges to labor under a substantial conflict of interest in rendering the opinion overturning his jury award.  (*Id.* ¶¶ 20-21).

In this case, the Plaintiff is suing the State of Florida and the Fourth District Court of Appeals for an Equal Protection violation (Counts I & II), and for a temporary and permanent injunction (Count V).  The Plaintiff has also made out a claim for vicarious liability against the State of Florida (Count III), and a claim asserting "conspiracy to violate 42 U.S.C. § 1983, The Civil Rights Act of 1866" against Grace M. Murillo (Count IV).

## II. LEGAL STANDARDS

### A. *Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)*

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.  When considering a motion to dismiss, filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the

plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

**B.  Eleventh Amendment Immunity**

"The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state."[1]  *Kaimowitz v. The Fla. Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993) (quoting *Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir.1990)).  This jurisdictional bar applies to cases where the state is named as a defendant, and also extends to cases where "state agencies and other arms of the state" are sued.  *Id.*  In this respect, "[t]he Eleventh Amendment prohibits actions against state courts."  *Id.*; *see also McBrearty v. Koji*, 348 F. App'x 437, 440 (11th Cir. 2009) (applying Eleventh Amendment immunity to a Florida District Court of Appeals).  There are "certain well-established exceptions to Eleventh Amendment immunity," specifically, "a state may waive its Eleventh Amendment immunity" or "Congress can abrogate states' Eleventh Amendment immunity."  *In re Burke*, 146 F.3d 1313, 1317 (11th Cir. 1998).  Eleventh Amendment immunity extends to both monetary damages as well as injunctive relief.  *Cate v. Oldham*, 707 F.2d 1176, 1182 (11th Cir. 1983) (quoting *Cory v. White*, 457 U.S. 85, 90 (1982)).

**C.  Judicial Immunity**

"[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."  *Mireles v.*

---

[1]  "Although the Eleventh Amendment only expressly prohibits suits against states by citizens of other states, the Supreme Court has long held that the Eleventh Amendment also bars suits brought against a state by its own citizens."  *In re Burke*, 146 F.3d 1313, 1317 (11th Cir. 1998) (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)).

*Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Hyland v. Kolhage*, 267 F. App'x 836, 839-40 (11th Cir. 2008) (quoting *Mireles*, 502 U.S. at 11). There are two exceptions to the doctrine of judicial immunity: (1) actions not taken in the judge's judicial capacity, and (2) actions taken in the complete absence of all jurisdiction. *See Hyland*, 267 F. App'x at 840. "[F]or purposes of absolute judicial immunity, judges and their law clerks are as one." *Oliva v. Heller*, 839 F.2d 37, 40 (2d Cir. 1988); *accord In re Lickman*, 304 B.R. 897, 903 (M.D. Fla. 2004).

### III. DISCUSSION

#### A. *Claims Against the State of Florida and the Fourth District Court of Appeals*

The Plaintiff's claims against the State of Florida and the Fourth District Court of Appeals are barred by Eleventh Amendment immunity. The Plaintiff has not demonstrated, or even argued, that Florida or the District Court of Appeals, has given their consent to be sued. Accordingly, I find that these Defendants have not expressly waived their Eleventh Amendment sovereign immunity. *Cf. Seminole Tribe of Fla. v. Florida*, 11 F.3d 1016, 1022 (11th Cir. 1994) (finding Eleventh Amendment immunity where plaintiff failed to demonstrate express consent).

Construing the Plaintiff's pleadings liberally, as I must, the Plaintiff appears to argue that 28 U.S.C. § 1343 serves as a Congressional abrogation of the States' Eleventh Amendment immunity. (*See* Pl.'s Resp. to Defs.' Mots. to Dismiss 5 [D.E 17]). "Section 1343 does not operate to lift the Eleventh Amendment bar to [the Plaintiff's] action because it contains no

expression of congressional intent to abrogate [Florida's] immunity." *Richfield v. California*, 19 F.3d 29 (9th Cir. 1994) (table).  Since neither exception to Eleventh Amendment immunity applies in this case, this court lacks subject matter jurisdiction to hear the Plaintiff's claims brought against the State of Florida and the Fourth District Court of Appeals, for both damages and injunctive relief.

### B.  *Claims Against Grace M. Murillo*

The Plaintiff's claim against Grace M. Murillo is barred by the doctrine of judicial immunity.  The Plaintiff has not argued or alleged that the actions taken by Ms. Murillo, were not taken in her quasi-judicial capacity, *i.e.* while acting as a law clerk, or that they were taken in the complete absence of all jurisdiction.  Accordingly, regardless of the Plaintiff's allegations of bad faith or malice the claim against Ms. Murillo must be dismissed.  *See Hyland v. Kolhage*, 267 F. App'x 836, 839-40 (11th Cir. 2008) ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

### IV.  CONCLUSION

For the reasons explained in this order the Defendants Motions to Dismiss are granted.  In addition to the reasons set out above, to the extent that the claims asserted by the Plaintiff are, in essence, seeking a review in this court of the final determination made in the state court, this court lacks jurisdiction to entertain these claims.  *See Hollins v. Wessel*, 819 F.2d 1073 (11th Cir. 1987) ("The jurisdiction possessed by district courts is strictly original, and review of final judgments of a state court in judicial proceedings is reserved to the Supreme Court of the United States pursuant to 28 U.S.C. § 1257.") (citations omitted).  Accordingly, it is **ORDERED and ADJUDGED** that:

1. The Defendants' Motions to Dismiss [D.E. 11, 12, & 14] are **GRANTED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk is directed to **CLOSE** this matter.

**DONE and ORDERED** in chambers, at Miami, Florida, this 7th day of May 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Massood Jallali*, pro se
*Counsel of record*